UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARK ALAN LANE, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 3:15-CV-576 |
| v. : | |
| : | (Judge Kosik) |
| FEDERAL BUREAU OF PRISONS, : | |
| : | |
| Defendant. : | |

## MEMORANDUM

Before this Court are Mark Lane's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Objections (Doc. 5) to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson (Doc. 4). For the reasons which follow, the Court will adopt the R&R of the Magistrate Judge, grant the Petitioner leave to proceed *in forma pauperis*, and dismiss the petition without prejudice.

### I. BACKGROUND

Lane, a federal prisoner currently incarcerated at the Federal Correctional Institution Schuylkill, filed two virtually identical petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on March 23, 2015 (3:15-CV-576) and March 25, 2015 (3:15-CV-600). By Order dated March 31, 2015, the Magistrate Judge consolidated the two actions under Civil Number 3:15-CV-576 (Doc. 2). On March 25, 2015, Lane filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Lane is serving a federal drug trafficking and money laundering sentence, imposed upon him by the United States District Court for the Southern District of Indiana in 2002, following

Lane's guilty plea to the offenses. (Id.) Lane unsuccessfully challenged his conviction and sentence, both on direct appeal and through a post-conviction motion, filed pursuant to 28 U.S.C. § 2255, in the district of conviction. (Id.) As the Magistrate Judge correctly notes, in Lane's instant habeas corpus petition, Lane suggests that his sentence was a miscarriage of justice, but does not allege a claim of actual innocence, as he attempts to bypass 28 U.S.C. § 2255.

On March 25, 2015, the Magistrate Judge issued an R&R, recommending that Lane be granted leave to proceed *in forma pauperis* (Doc. 4). The Magistrate Judge also recommended that Lane's petition be either dismissed without prejudice or be transferred to the Southern District of Indiana, for consideration as a motion to correct sentence under 28 U.S.C. § 2255. (Id.) Lane timely filed Objections to the R&R (Doc. 5). The issue is ripe for disposition.

## II. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

In the R&R, the Magistrate Judge found that Lane had not made out a valid case for pursuing habeas relief in this district, in lieu of a motion to correct sentence filed in the district of

conviction under 28 U.S.C. § 2255. Accordingly, the Magistrate Judge found that Lane's petition is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, since the petition should have been filed with the sentencing court under § 2255. The Magistrate Judge discussed the narrow exception outlined in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which § 2241 relief could be available in lieu of a motion under § 2255, and found that Lane's representations in the petition did not meet the requirements of the exception.

Lane generally objects to the Magistrate Judge's recommendations and argues that the exception outlined in Dorsainvil applies, because the actual innocence claim was unavailable to him during direct appeal and his first § 2255 motion. Lane also argues that it is more likely than not that a jury would not have convicted him for a crime that the grand jury did not charge.

Section 2255, rather than § 2241, is the usual avenue for federal prisoners who seek to challenge the legality of their confinement. Dorsainvil, 119 F.3d at 249. Section 2255 explicitly states that, unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," a court shall not entertain a habeas corpus petition. 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (quoting U.S. ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The determinative issue is the "inefficacy of the remedy, not the personal inability to use it." Id. (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Section 2255 is not inadequate or ineffective in circumstances where "the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539, (citing Dorsainvil, 119 F.3d at 251). The burden, which has been found to be stringent, is on the petitioner to demonstrate that § 2255 is inadequate or ineffective. Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003) (citing Reyes-Requena, v. U.S., 243 F.3d 893, 901-02 (5th Cir. 2001)).

The Court would have jurisdiction over a § 2241 petition, if the petitioner demonstrates: "(1) his 'actual innocence,' (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review." White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171, *3 (D.N.J. Mar. 19, 2010) (citing Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002)). If the Court lacks jurisdiction, the Court may dismiss the petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, or recast it as a § 2255 motion and transfer it for determination of whether to allow a successive motion. See Cephas v. Nash, 328 F.3d 98, 104, n5 (2d Cir. 2003) (discussing the district court's procedural options dependent upon the petitioner's history of collateral challenges).

In this case, the Magistrate Judge found that Lane did not present an assertion of actual innocence, as required. Lane states in his objections that his actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion. Lane fails to further support this assertion. Additionally, Lane does not assert actual innocence in his petition. Lane argues that his detention is illegal because of an invalid sentence. Lane's second ground in support of his petition, is that the Judgment and Commitment Order is void because he has

"never been indicted or arraigned on the [Judgment and Commitment] Order of excess of 15 kilograms." (Doc. 1, Petition, at 8.)

We agree with the Magistrate Judge and find that § 2241 is not the appropriate avenue for Lane, as he has not met his burden of demonstrating that § 2255 is inadequate or ineffective. Lane argues that his actual innocence claim was not available to him during his direct appeal and his first § 2255 motion, but provides no support for that assertion. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful. See Bush v. Elbert, 299 F. App'x 147, 148-49 (3d Cir. 2008).

## IV. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's Report and Recommendation and will dismiss Lane's petition without prejudice. An appropriate Order is attached.